By the Court. Oakley, Ch. J.
The following propositions involve all the material points raised in the case, and decide the exceptions.
We are of the opinion that it is not enough, in order to avoid a credit purchase of goods, that it turns out the purchaser was insolvent at the time, and had ground to suppose himself insolvent. The proposition that a purchaser upon credit stands in a confidential relation to his creditor, so as to bind him to disclose his sitúa *75 tion, without any inquiry by the seller, is not sustained by any sufficient authority.
If, at the time of a credit purchase, the party is hopelessly insolvent, and knows it, and such purchase is speedily followed by a transfer of all his property for the payment of his debts, evidence may be admitted of other transactions with, or other declarations to different parties, about the same period, tending to the-conclusion of a general design to defraud creditors by fraudulent purchases.
The test inquiry in such cases is, did the party purchase the goods in question with an intention not to pay for them ? and the seller, after making such a case as is above stated, may introduce evidence of representations of solvency and credit to other persons about the same time.
It makes no difference, in the application of this rule, that no positive representation of solvency was made in the case before the court.
The last two clauses of the charge of the Judge submitted the case to the jury, with the point of law correctly stated. Even if previous parts of the charge admit of a construction not strictly accurate, we are of opinion that such parts are to be controlled by the subsequent clauses.
Applying these principles to the facts of the case, we have no doubt that the judgment should be affirmed.
Order accordingly.